C/M

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------- X
:
EDWIN ALTMAN, : **MEMORANDUM DECISION**
: **AND ORDER**
Plaintiff, :
: 19-cv-6797 (BMC)
- against - :
:
COMMISSIONER OF SOCIAL SECURITY, :
:
Defendant. :
---------------------------------------------------------- X

**COGAN**, District Judge.

Plaintiff *pro se* seeks review of a decision of the Commissioner of Social Security, following a hearing before an Administrative Law Judge, that he is not disabled for purposes of receiving disability insurance benefits and supplemental security income. Plaintiff requested and I granted an extension of time to respond to the Commissioner's motion for judgment on the pleadings, but plaintiff has not filed any response. Nevertheless, in light of plaintiff's *pro se* status, I have reviewed the record to determine if there is substantial evidence to support the ALJ's decision.[1]

The ALJ found that plaintiff had severe impairments of a respiratory disorder; hypertension; high cholesterol; diabetes; carpal tunnel syndrome; and obesity. Nevertheless, the ALJ also found that plaintiff could perform light work with restrictions: no climbing ladders, ropes, or scaffolds; no crawling; only occasional climbing of ramps and stairs; no exposure to unprotected heights and open machinery; only occasional balancing, stooping, or crouching;

---

[1] The Commissioner has cited several cases where a plaintiff's failure to respond to the Commissioner's motion for judgment on the pleadings was itself a sufficient ground to grant the motion. I respectfully disagree with those decisions when a *pro se* plaintiff is involved.

frequent (*i.e.*, between one-third and two-thirds of the time) gross and fine manipulations; and avoidance of respiratory irritants. Because plaintiff had previously worked as a security guard, and that work could be performed with the restrictions that the ALJ found plaintiff needed, the ALJ found plaintiff able to perform his past relevant work at step four of the five-step sequential analytical process. But the ALJ also found, alternatively, that even if plaintiff could not perform his past relevant work, there were other light work jobs in the national economy that he could perform that would accommodate plaintiff's restrictions, and thus he was not disabled even if the analysis proceeded to step five.

I cannot find fault with any of the ALJ's conclusions. Plaintiff's diabetes, high blood pressure, and high cholesterol are under control with medication, and have not manifested in any form of heart disease or discomfort. Perhaps he gets winded walking up stairs due to his obesity and respiratory limitations, but the ALJ accommodated that in his restrictions. Plaintiff clearly has carpal tunnel syndrome, but the ALJ accommodated that as well by looking at jobs that did not require much in the way of gross or fine motor skills.

There was virtually no suggestion in the medical records that any of the doctors he saw viewed his impairments as substantially compromising his RFC. Plaintiff's impairments were not even close to any of the Listings. Indeed, the limitations that the ALJ placed on his performing light work all emerged from consulting physician examinations or reviews that were made in connection with plaintiff's claim. The ALJ gave these all substantial or great weight. But those evaluations were not nearly severe enough to render him disabled.

This was not a case where the ALJ had to weigh conflicting medical opinion evidence against medical tests and decide where plaintiff's functional capacity lay. As the ALJ observed,

the medical record is quite thin. Plaintiff is not regularly treated for anything; he sees a clinic doctor every six months mostly, it seems, to renew his medications.

All the medical records point to the same thing: plaintiff has these impairments, and although the impairments rise to the level of "severe" as defined by the regulations in that they significantly limit plaintiff's ability to perform basic work activities, see 20 C.F.R. § 416.922, the accommodations placed on his workplace performance leave him with sufficient functional capacity to do light work. No medical professional opined otherwise (with one exception discussed below). Indeed, the ALJ even arranged for a psychological consultation although plaintiff had not claimed any mental disability, but that consultation showed no severe mental impairment.

The only evidence that pointed towards a finding of disability was plaintiff's testimony and submissions (including a post-hearing letter) about his level of pain and the fact that he does not perform many activities of daily living. But nothing in the medical record backs that up. The only pain medication plaintiff takes is over-the-counter NSAIDs. If his pain was truly "excruciating," as he said in his post-hearing letter, it doesn't make sense that he would see a doctor only once every six months for pain that is only treated with aspirin-like compounds.

I raised the issue *sua sponte* of whether a doctor's note submitted to the Appeals Council was material enough to warrant another hearing. The Commissioner's response to my inquiry has convinced me that it is not. The note in question was from a Dr. Mathew Lefkowitz, rendered some three months after the ALJ's decision. It does not reflect that Dr. Lefkowitz even saw plaintiff during the relevant period; indeed, Dr. Lefkowitz appears to be a new doctor that plaintiff started seeing after receiving an adverse decision from the ALJ. Finally, many of Dr. Lefkowitz's conclusions were not inconsistent with or were at least close to the ALJ's findings.

3

Having examined the record to find the most plausible arguments that plaintiff might have made, I conclude that each of the ALJ's conclusions was supported by substantial evidence. The Commissioner's motion for judgment on the pleadings is therefore granted, and the case is dismissed.

**SO ORDERED.**

Digitally signed by Brian M. Cogan
_____
U.S.D.J.

Dated: Brooklyn, New York
       March 5, 2021